UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 2 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| MICHAEL D. GOODRICH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Case No. 04-1221 (RJL) |
| DEPARTMENT OF THE AIR FORCE, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION
(August 19, 2005) [# 4, # 7]

Before the Court are the parties' cross-motions for summary judgment. Mr. Goodrich, the plaintiff, contends that the Department of the Air Force ("Air Force") violated the Freedom of Information Act ("FOIA") by refusing to release to him three documents relating to plaintiff's Air Force service. Upon consideration of the motions and the entire record herein, the Court GRANTS defendant's motion for summary judgment.

### ANALYSIS

Summary judgment is appropriate when "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. A genuine issue of material fact is one that would affect the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In responding to a motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of her case" to establish a

genuine dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In a FOIA case, the agency is entitled to summary judgment if it demonstrates that no material facts are in dispute and that each document responsive to the FOIA request was either produced, unidentifiable, or exempt from disclosure. *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980); *Goland v. Cent. Intelligence Agency*, 607 F.2d 339, 352 (D.C. Cir. 1978); *Nat'l Cable Television Ass'n Inc. v. F.C.C.*, 479 F.2d 183, 186 (D.C. Cir. 1973).

Mr. Goodrich seeks the release of the minutes from three meetings held by the Air Force to examine his credentials to practice medicine.[1] Certain matters, however, are exempt from FOIA disclosure requirements. 5 U.S.C. § 552(b). Exemption 3 permits the withholding of records that are specifically exempted from disclosure by statute, provided that such statute either requires that the matter be withheld from the public "in such a manner as to leave no discretion on the issue" or establishes "particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). The Air Force cites 10 U.S.C § 1102 as preventing it from producing the minutes sought by Mr. Goodrich. Mot. Summ. J. at 9-10. Section 1102(f) provides that "[m]edical quality assurance records described in subsection (a) may not be made available to any person under [the FOIA]." 10 U.S.C. § 1102(f). Subsection (a) states that "medical

---

[1] In his complaint, Mr. Goodrich challenged the Air Force's use of FOIA Exemption 6 to withhold signatures from two documents in which the Surgeon General approved Medical Practice Review Boards findings. Compl. Stmt. Facts ¶ 10. But in his motion for summary judgment, Mr. Goodrich withdrew his challenge to these withholdings. Pl. Opp'n at 1. The remaining issue before the Court is whether the Air Force properly withheld documents pursuant to FOIA Exemption 3.

quality assurance records created by or for the Department of Defense as part of a medical quality assurance program are confidential and privileged." *Id.* § 1102(a). The statute defines "medical quality assurance records" as the "proceedings, records, minutes, and reports that emanate from quality assurance program activities," such as review boards responsible for quality assurance, credentials, medical records, and health resource management review.  10 U.S.C. ¶ 1102(j)(1), (2).[2]  Thus, the Court must first determine whether the three documents sought by Mr. Goodrich qualify as medical quality assurance records.

The Deputy Surgeon General of the Air Force Medical Service, Major General Roudebush, indicates in his declaration that the activities of the Credentials Functions meetings and Medical Practice Review Boards ("MPRB") are part of the medical quality assurance program. Roudebash Decl. ¶ 23. Since the minutes of Credentials Functions meetings and MPRBs are medical quality assurance records, § 1102(f) prohibits Mr. Goodrich from obtaining these minutes through a FOIA request. In his opposition, Mr. Goodrich argues that the Air Force must release the minutes pursuant to the exceptions in § 1102(c)(1)(B) and § 1102(c)(1)(E).[3] Paragraph E allows the release of medical quality

---

[2] Outside the FOIA, there are few ways to obtain medical quality assurance records prepared for or by the Department of Defense. The statute provides that these records may only be disclosed to certain individuals. 10 U.S.C. ¶ 1102(a). Plaintiff is not among any of the excepted classes of persons to whom disclosure is permitted.

[3] In his Opposition to Defendant's Motion for Summary Judgment, plaintiff also contends that the minutes are available to him via Air Force Instruction 36-2603, which states that applicants to a BCMR "will have access to all records considered by the Board, except those classified or privileged. To the extent practicable, applicants will be provided unclassified or nonprivileged summaries or extracts of such records considered by the Board." Pl. Opp'n at 4 (citing AF Instr. 36-203, ¶ 8.2). The Court finds this argument to be unavailing because § 1102(f) clearly prohibits the plaintiff from obtaining these minutes from the Air Force through a FOIA request.

assurance records to "an officer, employee, or contractor of the Department of Defense." 10 U.S.C. § 1102(c)(1)(E). The plain language of the statute indicates that the release of medical quality assurance records is allowed to those individuals who are *currently* employed by the Department of Defense. Since plaintiff left military service nearly nine years ago, paragraph E does not provide a basis to allow the release of the documents that plaintiff seeks.

Plaintiff further contends that paragraph B of § 1102 allows the release of the records in question. That paragraph states that medical quality assurance records may be disclosed "to an administrative or judicial proceeding commenced by a present or former Department of Defense health care provider concerning the termination, suspension, or limitation of clinical privileges of such health care provider." 10 U.S.C. § 1102(c)(1)(B). While defendant correctly notes that this statute allows the release of the documents in question to a proceeding, a FOIA request, however, is not such a proceeding. Therefore, paragraph B does not allow the release of medical quality assurance records sought by Mr. Goodrich are medical quality assurance records that are exempted from production under FOIA. Accordingly, defendant is entitled to judgment as a matter of law.[4]

---

[4] Mr. Goodrich contends that the Court should conduct an *in camera* review of the documents in question to determine if they are medical quality assurance records. The Supreme Court has held that the "*in camera* review provision is discretionary by its terms and is designed to be invoked when the issue before the District court could not be otherwise resolved." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224 (1978). *In camera* review is generally disfavored and "is appropriate when agency affidavits are not sufficiently detailed to permit meaningful assessment of the exemption claims." *PHE, Inc. v. Department of Justice*, 983 F.2d 248, 252-53 (D.C. Cir. 1993). Defendant's affidavits sufficiently describe the records sought by Mr. Goodrich, and the Court finds that an *in camera* review is unnecessary.

## CONCLUSION

For the foregoing reasons, the Court grants defendant's motion for summary judgment and dismisses the action in its entirety. An order consistent with this ruling accompanies this Memorandum Opinion.

                                                              _____
                                                              RICHARD J. LEON
                                                              United States District Judge